UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERNANDO CHIRENO,<br><br>Plaintiff,<br><br>v.<br><br>DR. LIEBERMAN, et al.,<br><br>Defendants. | Civil Action No. 20-651 (FLW)<br><br><br><br>MEMORANDUM AND ORDER |

Plaintiff Fernando Chireno, a prisoner currently confined at New Jersey State Prison ("NJSP"), has filed a Complaint asserting violations of his civil rights pursuant to 42 U.S.C. § 1983 arising from his alleged forced medication with psychotropic drugs.[1] *See* ECF No. 1. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 2. Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff asserts that forcing him to take psychotropic drugs against his will violates his constitutional rights.[2] Under the Due Process Clause of the Fourteenth Amendment, prison inmates "possess[ ] a significant liberty interest in avoiding the unwanted administration of

---

[1] The Court does not construe Plaintiff to raise any state law claims.

[2] Plaintiff's Complaint refers to the Eighth Amendment, which bars cruel and unusual punishment, but the Court liberally construes him to assert that forced medication violates his substantive and procedural due process rights under the Fourteenth Amendment. *See Washington v. Harper*, 494 U.S. 210, 221 (1990).

1

antipsychotic drugs[.]" *See Washington v. Harper*, 494 U.S. 210, 221 (1990).  Nevertheless, psychotropic medication may be administered against an inmate's wishes where doing so is reasonably related to the DOC's legitimate penological interests.  *See id.* at 223.  Those interests include "combating the danger posed by [the inmate] to both himself and others ... in a prison environment, and "provid[ing] prisoners with medical treatment consistent not only with their own medical interests, but also with the needs of the institution." *Id.* at 225.  Ultimately, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Id.* at 227.

Here, Plaintiff alleges that he opposes being medicated with psychotropic drugs and is not dangerous to himself or others.  *See* Complaint ¶¶ 10-11.  Plaintiff further alleges that the Treatment Review Committee at NJSP, consisting of Administrator Amy Emrich, Dr. Lieberman, and Dr. Riley, *see* Exhibit A at 22, nevertheless "rubber stamp[ed]" the decision to continue his forced psychotropic medication.  *See* Complaint at ¶¶ 10-12.  Having reviewed these allegations and the attached exhibits, the Court will permit the Complaint to proceed at this time against Defendants Emrich, Lieberman, and Riley.

Based on the exhibits provided by Plaintiff, Defendant Barry Kautzer is a staff advisor who assisted Plaintiff at his hearing, and it is not clear how Defendant Kautzer violated Plaintiff's constitutional rights.  Plaintiff's allegation that this Defendant was "responsible for Plaintiff's forced medication[,]" *see* Complaint at ¶ 7, standing alone, is too vague and conclusory to state a claim against this Defendant.  To survive the Court's screening for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is

facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *Iqbal*; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The Court will, therefore, dismiss without prejudice the Complaint against Defendant Kautzer.[3]

Finally, the Court dismisses with prejudice the official capacity claims for damages against all Defendants, as neither a State nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

**IT IS THEREFORE**, on this 5th day of October 2020,

**ORDERED** that the Fourteenth Amendment claims regarding forced medication, brought pursuant to 42 U.S.C. § 1983, are proceeded against Defendants Amy Emrich, Dr. Lieberman, and Dr. Riley; and it is further

**ORDERED** that the Complaint is dismissed WITHOUT PREJUDICE as to Defendant Kautzer; Plaintiff may file an amended complaint within 45 days to the extent he can cure the deficiencies in his claims against this Defendant; and it is further

**ORDERED** that the official capacity claims for damages, brought pursuant to 42 U.S.C. § 1983, are dismissed WITH PREJUDICE as to all Defendants; and it is further

---

[3] Plaintiff may file an Amended Complaint against this Defendant within 45 days if he can cure the deficiencies in his constitutional claim(s) against Defendant Kautzer. Otherwise, he should complete the Marshal forms for service of the original Complaint on Defendants Emerich, Lieberman, and Riley, as explained in this Memorandum and Order.

3

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States;[4] and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[5] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

---

[4] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[5] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge