UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERNANDO CHIRENO,<br><br>Plaintiff,<br><br>v.<br><br>DR. LIEBERMAN, et al.,<br><br>Defendants. | Civil Action No. 20-651 (FLW)<br><br><br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by New Jersey Department of Corrections' ("NJDOC") filing of a motion to dismiss Plaintiff Fernando Chireno's Amended Complaint, which asserts civil rights claims pursuant to 42 U.S.C. § 1983. *See* ECF No. 27. Plaintiff opposes the motion. For the reasons explained in this Memorandum and Order the motion to dismiss NJDOC is granted and leave to amend is denied as futile.

In addition, the Court will screen Plaintiff's Amended Complaint, ECF No. 7, for dismissal under 28 U.S.C. § 1915(e)(2)(B), as the Amended Complaint adds new Defendants and claims.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner is an inmate at New Jersey State Prison and has filed an Amended Complaint asserting violations of his civil rights pursuant to 42 U.S.C. § 1983 arising from his alleged forced medication with psychotropic drugs. *See* ECF No. 7. In his original complaint, Plaintiff alleges that he opposes being medicated with psychotropic drugs and is not dangerous to himself or others. *See* Original Complaint ¶¶ 10-11. In his original Complaint, Plaintiff alleges that the Treatment Review Committee at NJSP, consisting of Administrator Amy Emrich, Dr.

1

Lieberman, and Dr. Riley, *see* Exhibit A at 22, "rubber stamp[ed]" the decision to continue his forced psychotropic medication.  *See* Complaint at ¶¶ 10-12.

The Court previously granted Plaintiff's application to proceed *in forma pauperis*, screened his Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), and permitted forced medication claims to proceed against individual Defendants Emrich, Lieberman, and Riley.  The Court dismissed without prejudice the Complaint as to Defendant Barry Kautzer, a staff advisor who assisted Plaintiff at his hearing because it was not clear how Defendant Kautzer violated Plaintiff's constitutional rights.[1]  The Court permitted Plaintiff to file an Amended Complaint as to Defendant Kautzer if he could cure the deficiencies in his claims against this Defendant.  Finally, the Court dismissed <u>with prejudice</u> the official capacity claims <u>for damages</u> against all state Defendants, as neither a State nor its officials acting in their official capacities are "persons" under § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

On October 15, 2020, Plaintiff filed an Amended Complaint, which names NJDOC and other Defendants in connection with his § 1983 claims asserting forced medication.  ECF No. 7.  On April 13, 2021, Plaintiff also filed a document titled "Notice of Tort Claim," which appears to assert that the NJDOC is also vicariously liable for the forced medication under the New Jersey Tort Claims Act ("NJTCA").  *See* ECF No. 19.

---

[1] The Court informed Plaintiff that he could file an Amended Complaint against Defendant Kautzer within 45 days if he can cure the deficiencies in his constitutional claim(s) against him. Otherwise, he should complete the Marshal forms for service of the original Complaint on Defendants Emrich, Lieberman, and Riley.  Rather than choosing one option, Plaintiff filed an Amended Complaint <u>and</u> completed the Marshal forms to serve Defendants Emrich, Lieberman, and Riley. These Defendants have answered the Amended Complaint.  *See* ECF Nos. 21, 28.

On August 4, 2021, Defendant NJDOC sought an extension of time to file the instant motion to dismiss, which was granted by the Court on August 10, 2021.[2] *See* ECF Nos. 29, 30. On the same date, Defendant NJDOC moved to dismiss the § 1983 claims against it. ECF No. 27. Notably, after this motion to dismiss was fully briefed, the Magistrate Judge appointed pro bono counsel for the Plaintiff on a limited basis to assess whether a temporary restraining order is warranted, and to review Plaintiff's request for discovery. *See* ECF No. 30.

## II. NJDOC'S MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R .Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied* 138 S. Ct. 2623 (2018); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

---

[2] Defendant Emrich sought an extension of time to file her answer, which was likewise granted. *See id.* Defendant Emrich answered the Amended Complaint on August 4, 2021. *See* ECF No. 28.

3

As a pro se litigant, Plaintiff is entitled to liberal construction of his complaint. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create what amounts to a "probability requirement." *Iqbal*, 556 U.S. at 678.

The State Defendants assert that NJDOC is entitled to sovereign immunity under the Eleventh Amendment and that NJDOC is not a "person" for purposes of § 1983. As such, this motion "may properly be considered a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)" because "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996).

The Eleventh Amendment to the U.S. Constitution provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state." The Eleventh Amendment incorporates a general principle of sovereign immunity which bars citizens from bringing suits for damages against any state in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–101 (1984). In general, Eleventh Amendment immunity extends to state agencies and state officials in their official capacities, and, in doubtful cases, the Court analyzes several factors to determine whether an entity is an agency of the State, *i.e.*, whether the

State is the real party in interest. *See Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 659-60 (3d Cir. 1989); *see also Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014). It is well established that § 1983 claims for monetary damages against the NJDOC, a state agency, are barred by the Eleventh Amendment and immunity extends to the particular facility as well. *See Fox v. Bayside State Prison*, 726 F. App'x 865, 867-68 (3d Cir. 2018) (the NJDOC "is quintessentially an arm of the state" and "as a facility wholly owned and operated by the DOC, Bayside is similarly protected.").

To state a claim under § 1983, a plaintiff must also allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Neither a State itself nor a department of a State is considered a "person" for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989); *see also Jones v. Minner*, 752 F. App'x 112, 113 (3d Cir. 2019); *Estate of Lagano*, 769 F.3d at 854.[3]

For these reasons, Plaintiff's § 1983 claims against NJDOC are barred by Eleventh Amendment immunity and because NJDOC is not a person under § 1983.[4] The Court therefore grants the motion to dismiss the § 1983 claims as to NJDOC.

---

[3] Similarly, because a claim against a state official in his or her official capacity is essentially a claim against the state, § 1983 claims are not permitted against state officials in their official capacities, except to the extent that such claims seek prospective injunctive relief. *Will*, 491 U.S. at 71, & n.10 (1989). Because Plaintiff seeks injunctive relief to stop the forced medication, the claims for injunctive relief against the Treatment Review Committee members in their official capacities are not subject to dismissal at this time.

[4] Because NJDOC does not meet the statutory definition of a "person," both the claims for damages and those for injunctive relief are barred against NJDOC.

As noted above, Plaintiff has filed what he has titled a "Notice of Tort Claim" in this matter, and it appears he seeks to amend his Complaint to add a claims under the New Jersey Tort Claims Act ("NJTCA") against NJDOC. The Eleventh Amendment confers immunity from suit in a federal court. Therefore, unless a state has waived immunity from suit in federal court, a state-law cause of action cannot be maintained there. The Third Circuit has stated, albeit in a non-precedential decision, that "[t]he [New Jersey] TCA, which allows suits against public entities and their employees in state courts, does not expressly consent to suit in federal courts and thus is not an Eleventh Amendment waiver." *Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009). And this district generally has followed the reasoning of the *Hyatt* decision when confronted with this issue. *See e.g., Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *7 (D.N.J. May 29, 2015) ("Even when a state consents to a suit in its own courts, it does not follow that a similar suit may be maintained against the state in federal courts."); *NJSR Surgical Ctr., L.L.C. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 979 F. Supp. 2d 513, 519 (D.N.J. 2013) (explaining that "the TCA has repeatedly been held to authorize suit only in state court."); *Saint-Jean v. County of Bergen*, 509 F. Supp.3d 87, 114 (D.N.J. 2020)(explaining same). Thus, if the Court were to permit Plaintiff to amend his Complaint to assert NJTCA claims against the NJDOC, those claims would <u>also</u> be subject to dismissal on the basis of Eleventh Amendment immunity. As such, to the extent Plaintiff seeks leave to amend his Complaint to add NJTCA claims against NJDOC, leave to amend is denied.

### III.  SCREENING PURSUANT TO 28 U.S.C. § 1915

Because Plaintiff has added additional Defendants and claims in his Amended Complaint, the Court will now screen the Amended Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In his Amended Complaint, Plaintiff realleges claims against Defendant Kautzer and has also sued Rebecca Santiago, a social worker at NJSP who assisted him in his Treatment Review Committee hearing on November 3, 2020. In addition, Plaintiff has sued Bruce Davis, the current Administrator at NJSP, Garyn Nathan, an Assistant Superintendent at NJSP, Dr. Trevor Rudge, M.D., and Rutgers Health.[5] *See* Amended Complaint at 1.

It appears that Plaintiff is seeking to amend or supplement his original complaint to include allegations related to his most recent hearing on November 3, 2020. *See id.* at ¶ 3. Plaintiff's Committee Review Treatment Report is attached as Exhibit A to Plaintiff's Amended Complaint; that Report indicates that Rebecca Santiago acted as Plaintiff's Staff Advisor at the hearing on November 3, 2020. According to the Report, Plaintiff refused to attend the hearing. *See id.* The decision to continue Plaintiff's medication was made by Administrator Garyn Nathan, Dr. Lieberman, who is also named in the Original and Amended Complaint, and Dr. Lane, who is not named as a Defendant in the Original or Amended Complaints.

In the Amended Complaint, Plaintiff also alleges that Dr. Trevor Rudge is responsible for prescribing the medications at issue from July 17, 2018 to present. *See id.* at. Plaintiff bases this allegation on Exhibit N, titled "Medications Report," which lists Dr. Rudge as the prescribing physician for Fluphenazine Decanoate and Benztropine. *See id.* In the Amended Complaint, Plaintiff also alleges that his social workers Defendants Kautzer and Santiago have failed to provide him counseling in violation of New Jersey regulations. *See id.* at ¶ 8. Plaintiff further

---

[5] It is also possible that Plaintiff has also sued the New Jersey Attorney General and NJDOC Administrator Marcus O. Hicks. *See* Complaint at ¶ 4. Even if the Court were to construe claims against these Defendants, they are sued on the basis of *respondeat superior*, which, as explained below, is not a basis for liability under § 1983.

7

alleges that all the Defendants know he does not consent to forced medication but have ignored him and conspired to injure him by forcibly medicating him. *See id.* at ¶¶ 13-14.

At this time, the Court will permit the forced medication claim against Defendant Nathan, as this Defendant is a member of the Treatment Review Committee who participated in the hearing on November 3, 2020, and determined that Plaintiff should continue to be forcibly medicated.

The Court will dismiss without prejudice the § 1983 conspiracy claims against all Defendants because the allegations of conspiracy are too conclusory to state a claim for relief. To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights. *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 293–94 (ed Cir. 2018) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)). Plaintiff has not provided any well-pleaded facts to suggest that any of the Defendants reached an understanding or agreement to violate his constitutional rights by forcibly medicating him. The Court will therefore dismiss without prejudice the § 1983 conspiracy claim.

The Court will also dismiss without prejudice the forced medication claims against Defendant Dr. Rudge. At best, as alleged, Dr. Rudge's involvement appears limited to writing the prescriptions at issue, and there are no well-pleaded facts to suggest that this Defendant acted with deliberate indifference when he prescribed the medication, which was approved by the Treatment Review Committee. As noted above, Plaintiff's allegations that all the Defendants knew his rights were being violated and conspired against him are too conclusory to state a claim for relief.

The Court will also dismiss without prejudice the Amended Complaint against Defendants Kautzer and Santiago as there are no allegations that these Defendants, who assisted Plaintiff at his review hearings, violated his constitutional rights. These Defendants did not make the decision to forcibly medicate Plaintiff, and, although they allegedly failed to properly assist Plaintiff and/or provide him with counseling, these failings do not implicate any constitutional rights. Nor does Plaintiff allege a state law claim for relief arising from the failure to provide him counseling or assist him at his hearing. Moreover, the allegations of conspiracy are too conclusory to state claims for relief against these Defendants.

Plaintiff may be trying to sue Defendant Administrator Bruce Davis under a *respondeat superior* theory; however, *respondeat superior* is not a basis for section 1983 liability. As such, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009) (indicating that section 1983 plaintiff could not maintain claim against individual defendant unless said defendant was personally involved in actions causing the claim); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"). Because there are no allegations that Defendant Bruce Davis was involved in the decisions to forcibly medicate Plaintiff, either as a policymaker or as a direct participant,[6] the Court will dismiss without prejudice the Amended Complaint as to Defendant Davis.

---

[6] "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K.*

9

Plaintiff alleges that Rutgers Health "is vicariously liable for the wrongs, acts, and omissions of its physicians, and medical staff." *Id.* at ¶ 3. Entities like Rutgers Health, which provide healthcare services for the state pursuant to a contract, also "cannot be held responsible for the acts of its employees under a theory of *respondeat superior* or vicarious liability." *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Thus, to state a claim for relief, Plaintiff would need to provide facts showing that Rutgers Health had a relevant policy or custom, and that the policy or custom caused the constitutional violation he alleges. *See id.* (considering standard of proof at summary judgment) (citing *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)). To proceed on a *Monell* theory, a plaintiff must identify a specific policy or custom of the entity that caused the constitutional violation at issue and must typically allege a pattern of similar past conduct to show that the entity was on notice that the policy or custom caused the alleged violation. *See, e.g., Schlaybach v. Berks Heim Nursing & Rehabilitation*, 839 F. App'x. 759, 760 (3d Cir. 2021) (affirming dismissal of *Monell* claim). Here, Plaintiff does not allege the elements of a *Monell* claim against Rutgers Health, and the Court dismisses without prejudice the § 1983 claims against this entity pursuant to its screening authority.

**IT IS THEREFORE**, on this 15th day of March 2022,

**ORDERED** that the Amended Complaint shall be filed (ECF No. 7); and it is further

---

*v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). In addition, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. *See id* (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995)).

**ORDERED** that the motion to dismiss the Amended Complaint brought by NJDOC is GRANTED (ECF No, 27); and is further

**ORDERED** that pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Fourteenth Amendment claims regarding forced medication, brought pursuant to 42 U.S.C. § 1983, shall PROCEED against Defendants Amy Emrich, Dr. Jordan Lieberman, Dr. Jonathan Riley, and Garyn Nathan; and it is further

**ORDERED** that the Amended Complaint is dismissed WITHOUT PREJUDICE as to Barry Kautzer, Rebecca Santiago, Bruce Davis, Dr. Trevor Rudge, M.D., and Rutgers Health;[7] and it is further

**ORDERED** that, the Clerk shall provide Plaintiff with a copy of the 285 Form ("USM-285 Form") for Garyn Nathan;[8] and it is further

**ORDERED** that Plaintiff shall complete the USM 285 Form for Garyn Nathan and return it to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Amended Complaint (ECF No. 7) and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further;[9]

---

[7] Further leave to amend is denied at this time; any further attempts to amend in this action must be made by a motion to amend that complies with Fed. R. Civ. P. 15.

[8] The Court already proceeded the forced medication claims in the original Complaint against Defendants Emrich, Dr. Lieberman, and Dr. Riley, and these Defendants have answered the Amended Complaint. As such, they need not be served.

[9] Alternatively, the U.S. Marshal may notify Defendant Nathan that an action has been commenced and request that the defendant(s) waive personal service of a summons in

**ORDERED** that Defendant Nathan shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge

---

accordance with Fed. R. Civ. P. 4(d).  If the Attorney General intends to waive service and enter an appearance on Defendant Nathan's behalf, the DAG may notify the Court and Plaintiff by letter.